USRC Forest Hills, LLC v 68-60 Austin St. Realty Corp. (2024 NY Slip Op 05601)

USRC Forest Hills, LLC v 68-60 Austin St. Realty Corp.

2024 NY Slip Op 05601

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-02795
 (Index No. 724393/21)

[*1]USRC Forest Hills, LLC, appellant,
v
68-60 Austin Street Realty Corp., et al., respondents.

Gordon Rees Scully Mansukhani, LLP, New York, NY (Virginia K. Trunkes and Borah, Goldstein, Altschuler, Nahins & Goidel, P.C. [Paul N. Gruber and Joseph I. Farca], of counsel), for appellant.
The Law Office of Tamara M. Harris, PLLC, Forest Hills, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered January 30, 2023. The order, inter alia, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the seventeenth cause of action insofar as asserted against the defendant Ilya Mikhailov and the fifth through thirteenth and twentieth causes of action, and denied the plaintiff's cross-motion for summary judgment on the fifth, seventh, and thirteenth causes of action.
ORDERED that the order is affirmed, with costs.
In 2016, the plaintiff leased commercial space from the defendant 68-60 Austin Street Realty Corp. (hereinafter the landlord). In November 2021, the plaintiff commenced this action against the landlord, the defendant IRM Realty Group, LLC (hereinafter IRM), and IRM's president, the defendant Ilya Mikhailov, inter alia, to recover damages for breach of contract. The defendants moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the seventeenth cause of action insofar as asserted against Mikhailov and the fifth through thirteenth and twentieth causes of action. The plaintiff cross-moved for summary judgment on the fifth, seventh, and thirteenth causes of action. In an order entered January 30, 2023, the Supreme Court, inter alia, granted those branches of the defendants' motion and denied the plaintiff's cross-motion. The plaintiff appeals.
"In considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court is required to accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (New Hackensack Realty, LLC v Lawrence Dev. Realty, LLC, 226 AD3d 799, 800-801). "Where evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question is whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it" (id. at 801).
The Supreme Court properly granted those branches of the defendants' motion which [*2]were pursuant to CPLR 3211(a)(7) to dismiss the fifth through thirteenth causes of action, which sought declaratory relief relating to the parties' rights and obligations under the lease, on the basis that said causes of action were duplicative of the cause of action alleging breach of contract (see Upfront Megatainment, Inc. v Thiam, 215 AD3d 576, 578; Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1506; Pacella v Town of Newburgh Volunteer Ambulance Corps. Inc., 164 AD3d 809, 814).
The plaintiff's remaining contentions either are without merit or have been rendered academic in light of our determination.
We decline the defendants' request to impose a sanction against the plaintiff for bringing an allegedly frivolous appeal (see 22 NYCRR 130-1.1).
IANNACCI, J.P., MALTESE, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court